(74 App. Div. 55.)

PEOPLE ex rel. HUGHES v. PARTRIDGE, Police Com'r of City of New York.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

1. MUNICIPAL CORPORATIONS—POLICE FORCE—DETECTIVE SERVICE—STATUTES.
Greater New York Charter, § 290, as amended in 1901, provides that: "These patrolmen or roundsmen known as detective sergeants on the first day of April, 1901, in the detective bureau shall have the power to draw and be paid the same pay as other sergeants of police." Held, that it

was only the patrolmen or roundsmen who were known as "detective sergeants" on April 1, 1901, who were to be continued as detective sergeants, and there was no intention to promote or induct into the detective bureau all clerks and subordinates who might have been employed there.

2. SAME.

Greater New York Charter, § 290, provided that patrolmen or roundsmen known as "detective sergeants" April 1, 1901, were to be continued as detective sergeants, and that the commissioner "shall select and appoint to perform detective duty therein from the patrolmen or roundsmen as many detectives as [he] may from time to time determine necessary." Relator was drawing the pay of a patrolman before and after April 1, 1901, and assigned to duty in a clerical capacity in the detective bureau. In his original application to be appointed a detective sergeant he described himself as a patrolman, and later applied for appointment under section 290. ·Held, that relator was not known as a detective sergeant April 1, 1901, so as to entitle him to rank as such under the statute.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of William Hughes, against John N. Partridge, as police commissioner of New York City. From an order refusing a peremptory writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George W. Titcomb, for appellant.

James McKeen (Walter S. Brewster, on the brief), for respondent.

WOODWARD, J.　The order denying relator's motion for a peremptory writ of mandamus should be affirmed.　While we are not disposed to approve of the suggestion that the statute might not be made operative within the construction given it by the relator in so far as the constitution is involved, we do not believe that a fair construction of the law in connection with the facts gives the relator any new rights.　The evident scheme of the provisions of section 290 of the Greater New York charter, as amended in 1901, was to perpetuate the detective bureau of the police department as it should be constituted on the 1st day of April, 1901, and to provide for its expansion with the growth of the municipality. ; There was no intention to promote or to induct into the detective bureau all of the clerks and subordinates who might have been employed there, but the statute provides that: "These patrolmen or roundsmen known as detective sergeants on the first day of April, nineteen hundred and one, as aforesaid, in the detective bureau shall have the power to draw and be paid the same pay as other sergeants of police."　It was only as to the patrolmen or roundsmen who were known as "detective sergeants" on the 1st day of April, 1901, who were to be continued as detective sergeants, and not every man who was in any way connected with the department.　It is entirely clear, from a reading of the agreed statement of facts, that the relator was not known as a detective sergeant on the 1st day of April, but was a mere member of the police force, assigned to duty in a clerical capacity, liable at any time to be reassigned to duty as a patrolman.　He was drawing the pay, not of a detective sergeant, but of a patrolman, both before

and after the 1st day of April, 1901, and in his original application to the head of the department to be appointed a detective sergeant he describes himself as "a patrolman attached to the headquarters squad, and detailed to duty and carried on the blotter in the branch detective bureau, borough of Brooklyn." There is no allegation that he was assigned to duty as a detective, and at the time of writing his letter (Exhibit B) in January, 1902, he does not appear to have believed that he was, by virtue of the statute, made a detective sergeant, for he declares that he "would respectfully make application to be appointed a detective sergeant in compliance with section 290 of the amended Greater New York charter." The section of the charter cited provides for the maintenance of a detective bureau, and that the commissioner "shall select and appoint to perform detective duty therein from the patrolmen or roundsmen as many detectives as the said commissioner may from time to time determine necessary to make that bureau efficient," and it was evidently under this clause that the application was made. A construction ought not to be given to the statute which will increase the expense of the department without reference to its efficiency, unless that result is demanded by the plain language of the law; and we are of opinion that all of the purposes of the legislature will be served, and that its intent will be carried out, by confining its application to those who were actually known and recognized as detectives at the date mentioned in the act. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.