PEOPLE ex rel. LAHEY v. PARTRIDGE, Commissioner of Police.

(Supreme Court, Appellate Division, First Department. January 9, 1903.)

1. CITIES — POLICE — DETECTIVE SERGEANT — OFFICE — REMOVAL—STATUTES—
CIVIL SERVICE.

Const. art. 10, § 2, provides that all city officers whose election or appointment is not therein otherwise provided for shall be elected by the electors of such city, or appointed by such authorities as the legislature shall designate. New York City Charter 1897, § 290, provides for the appointment by the police board of patrolmen to act as detective sergeants, but gives such board power to reduce any such detective sergeants to the rank of patrolman at any time. New York City Charter 1901, § 290 (Laws 1901, c. 466, § 1), provided that patrolmen occupying the position of detective sergeant should not be reduced in rank save in a manner as provided for the removal of sergeants in the regular police force. *Held*, that a patrolman appointed a detective sergeant might be removed by the police commissioner at his pleasure, notwithstanding Laws 1901, inasmuch as the provisions of such statute relative to removal amounted to the creation of an office, and were also in violation of the constitutional provisions relative to civil service.

Laughlin, J., dissenting.

Appeal from special term, New York county.

Mandamus by the people, on the relation of William J. Lahey, against John N. Partridge, as commissioner of police of New York City, to compel the restoration of relator to the office of detective sergeant. From an order denying a motion for a peremptory writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John M. Bowers, for appellant.
Terence Farley, for respondent.

HATCH, J. On the 1st day of January, 1898, the relator was appointed a patrolman in the police department. He continued in the department in that capacity until April 17, 1901, when Police Commissioner Murphy made the following order: "Ordered that William J. Lahey, of the Central Office squad, be and is hereby appointed as a detective sergeant, and assigned to duty in the detective bureau as such." At the time of making the order the law authorizing it was section 290 of the charter, as amended by chapter 466 of the Laws of 1901. It is not necessary that we here set out the sections of the charter, for they are quoted and commented upon in our former decision involving this relator's status in People ex rel. Lahey v. Partridge, 74 App. Div. 291, 77 N. Y. Supp. 691. Therein it was held that the amendment to section 290, which attempted to change the tenure of the position of detective sergeant from one existing during the pleasure of the commissioner of police to one subject to the rules and regulations applicable to positions in the police department, and providing that the force of detective sergeants should consist of those holding such positions on April 1, 1901, constituted a violation of section 2 of article 10 of the constitution of the state; that the position of detective sergeant was a city office, which ex-

isted prior to the adoption of the constitution; and that, therefore, the act in effect attempted to appoint these persons to such position, and was therefore void. The court further held that a patrolman detailed to duty as a detective sergeant under the provisions of the charter did not constitute such detail a promotion in the department, as regulated by section 288, but was an appointment to a distinct rank of service, and while held by the patrolman, thus detailed, entitled such officer to increased pay, but did not change his status as patrolman in the service of the city. Immediately following this decision the defendant made an order relieving the relator from the performance of his duties as a detective sergeant, and remanded him to the performance of duties as a patrolman in the city. Thereupon the relator sued out this writ for the purpose of compelling the defendant to revoke the last-named order and reinstate the relator to the office and rank of detective sergeant. Such application having been denied, the relator by appeal brings the proceeding into this court.

It is now claimed by the relator that the amendment to section 290 of the charter is to be construed as a continuation of the original act, and as constituting a single, general, and entire scheme; that the statute, as amended, applied to all persons appointed under its provisions in office when it went into effect in precisely the same manner in which it applied to those appointed after the date specified when it should go into effect; that the amendment, so far as it relates to officers appointed either before or after the passage of the act, protects them in the position, and they can only be reduced in rank in the manner provided therein; that such provision is in no sense an appointment to office by the legislature; that the power of removal remained as it did before, subject, however, in its exercise to a particular method, therein prescribed; that the act was only unconstitutional as to those persons who were in office on April 1, 1901, and who were not in office on January 1, 1902, and that this provision of the statute, although unconstitutional, is in no sense a part of the scheme created by section 290 of the charter and the amendment thereto; that it is simply an interpolation for the protection of the persons who answered to the description therein contained; that, even though it be unconstitutional, it in no wise disturbs or interferes with the other provisions of the act, which may be harmoniously construed with the provisions of the constitution, and therefore should be sustained and upheld. We think this contention necessarily overlooks the essential features of our former decision. Therein it was held that the relator's appointment was not to an office distinct and separate from his position as a patrolman, but that it was a mere detail of such patrolman to the performance of a particular duty. If it had been otherwise, then the act of assigning to duty would not have been a detail to particular service, but would have been either an appointment to a new office or a promotion to a higher rank in the service. We held that it did not constitute a promotion in the service, for the reason that the charter provisions did not provide therefor, and did not contemplate promotion therein; the only provision being that a bureau

of detective sergeants should be maintained, the force of which should be constituted by appointment of patrolmen in such number and at such times as should be necessary to render the bureau efficient, and while performing such duty they should be called by a particular name and receive a particular compensation. See page 294, 74 App. Div., and page 694, 77 N. Y. Supp. Had such assignment to duty been an appointment to a new office, or a promotion in the service, then both the court and the relator would have been confronted with the constitutional provision relating to the civil service of the state, the statutes and rules passed pursuant thereto, and thereunder the contention of the civil service commissioners in refusing to place the relator upon the pay roll at a compensation which his assignment authorized would necessarily have been sustained. It being neither the one nor the other, but only a detail of service as a patrolman, the court sustained the relator's contention that he was entitled to compensation provided for such service. The whole scheme of the amendment not only provided for the appointment of particular individuals to office, but it also provided, in furtherance of such scheme, for their retention in the particular position in which they were placed. If they could only be removed from this detail of service upon charges for dereliction of duty, then it necessarily follows that their tenure in the position would be as certain and secure as would the tenure of an officer in any other position known to the civil service of the state. They would, in the first place, be inducted into the office without compliance with the civil service law of the state, under the theory of a detail of service, and, being once in, protected therein from removal, except upon charges preferred and sustained by proof. Such a result would work a clear evasion of the law governing the civil service, nullify its provisions, and wrong every individual in such service eligible to such position by virtue of its provisions. It would also present the anamoly of relator occupying two separate and independent positions at the same time, from neither of which could he be removed, except upon charges and a trial. If he should be tried upon charges and removed as a patrolman, his status as a detective sergeant would not be affected thereby, and, if he was removed as a detective sergeant, he would still remain as a patrolman, if this contention be upheld. Manifestly, such a condition cannot exist. Our former decision is necessarily decisive and controlling of the relator's status as a patrolman. If he is not such, then the whole basis of the decision falls, and, if that part of the act be sustained which provides a particular method of removal when once detailed to this duty, he is protected therein, and by indirection is appointed to an office, permanent in its tenure, as certainly as though he were named and placed therein as an original appointment. The amendment is not severable into parts, whereby one part may be saved and the other condemned. To the extent that it classifies certain persons and puts them into the position, thereby creating an office and a permanent tenure, it is void under the restrictions of the constitution to which we have called attention. When it provides that the patrolmen who are detailed to duty therein shall only be removed in the event of dereliction of duty upon charges

and a trial, it accomplishes the creation of an office for them and a permanent tenure, as certainly and securely as did the classification of particular individuals to hold the particular position. It is evident that the scheme of the act is entire, first, to appoint, and, second, to preserve, and the result of either is to place in office under the guise of a detail to particular service the particular individuals so detailed. To uphold this contention would violate the law relating to appointment and promotion in the service and the civil service laws and rules. We have no doubt that the legislature has power to prescribe a particular method for the removal of the incumbent of an office, and such method, when adopted, must be followed; but that is quite a different consideration from resort to a method of removal as a basis for the creation of an office, or a position with a permanent tenure. It is evident that a construction which works such a result would furnish an easy method for the evasion of constitutional restrictions and laws relating to the appointment and promotion of individuals to office in the public service. The relator has never been anything else than a patrolman. He was appointed as such, and nothing has occurred to change his status in that regard. The legislature has no more power to lay hold of him when assigned to a particular detail of service as a patrolman, and by enactment create such service a new office, and protect him therein in permanent tenure, than it has to appoint him to office. That is what the act does in the present case if the relator's contention be upheld. If we were right in our former decision, such result may not follow. Nothing which is contained in People ex rel. Hughes v. Partridge, 74 App. Div. 55, 77 N. Y. Supp. 348, conflicts with this view. The question presented upon this proceeding was not involved in that. Therein it was simply held that the relator was not known as a detective sergeant, did not receive the salary attached to the office, and, even though the act in question had protected him, he was in no position to invoke its provisions. The court did not assume to pass upon the constitutionality of the act in any aspect, nor was it necessary to the decision. In re Allison, 172 N. Y. 421, 65 N. E. 263, does not affect the question. That case did not involve any question as to the power of the legislature to appoint a particular individual to office or protect his tenure therein. We conclude that the police commissioner still retained the power to assign the relator as a patrolman to service, and to relieve him from the particular detail as a detective sergeant.

It necessarily follows, therefore, that the order appealed from should be affirmed, with $50 costs and disbursements. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. I dissent on the grounds stated in my dissenting memorandum in People ex rel. Fay v. Partridge (decided herewith) 79 N. Y. Supp. 722.