In the Matter of the Application of PATRICK FAY, Appellant, for a Peremptory Writ of Mandamus against JOHN N. PARTRIDGE, as Commissioner of Police of the City of New York, Respondent.

*New York police force — retirement of a patrolman detailed to act as a detective sergeant — he should be retired as a patrolman.*

The detailing of a patrolman on the police force of the city of New York to perform the duties of a detective sergeant, which office is recognized by section 276 of the Greater New York charter, does not make him a holder of such office, and, if he is retired while performing the duties of a detective sergeant under such assignment, he should be retired as a patrolman and not as a detective sergeant.

McLAUGHLIN, J., dissented.

APPEAL by the relator, Patrick Fay, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1902, denying his application for a peremptory writ of mandamus compelling the police commissioner of the city of New York to reinstate the relator as a detective sergeant and to retire him on a pension of $1,000 per annum.

*John M. Bowers,* for the appellant.

*Terence Farley,* for the respondent.

HATCH, J.:

The relator asks in this proceeding the same relief as was asked in *Matter of Lahey* v. *Partridge* (78 App. Div. 199), and further that, upon reinstatement as a detective sergeant, he be retired upon a pension of $1,000 per annum. So far as the relator's right to reinstatement is concerned, it is in all respects governed by the case of *Lahey,* and the decision therein is conclusive of the relator's rights.

He shows himself, however, entitled to be retired upon a pension pursuant to the provisions of section 355 of the charter. (Laws of 1897, chap. 378 as amd. by Laws of 1901, chap. 466.) The real point in the case is in what capacity he shall be retired and the amount of pension which he shall receive. The relator's application was made at a time when he was detailed for service as a detective sergeant, but he was so detailed by virtue of the same authority which we have considered in the *Lahey* case. It can make no difference in his status as a patrolman whether he made his application at the time he was performing his duty as a patrolman, or whether he was upon special service. He was, nevertheless, a patrolman and his application is to be considered as such. The charter, by section 276, recognizes the office of a detective sergeant, but as we have seen the mere detail of a patrolman to perform the duties of a detective sergeant does not make him a holder or occupant of such office or position; consequently, the relator was not entitled to be retired as such, as he has never been legally appointed to such position.

It is claimed by the relator that the defendant never acted upon his application to be retired as a detective sergeant. The defendant's failure to act could be construed as a refusal, and if the relator had shown himself entitled to be retired as a detective sergeant, he might invoke the aid of the writ to accomplish such purpose upon the present proofs. The defendant, however, states in his affidavit that he is willing to retire the relator as a patrolman, with the pension which attaches to such position. This the relator refuses to accept.

His application, therefore, is to be treated as one for a mandamus to compel the defendant to retire him upon a pension as detective sergeant. He must, therefore, fail in this application for the reasons which we have already assigned.

It follows that the order appealed from should be affirmed, with fifty dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I dissent from the prevailing opinion and think the petitioner should be reinstated as a detective sergeant. The amendment to section 290 of the charter made by chapter 466 of the Laws of 1901 was declared unconstitutional by this court (*People ex rel. Lahey* v. *Partridge*, 74 App. Div. 291) in so far as it provided that patrolmen acting as detective sergeants under detail on the 1st day of April, 1901, nearly a year prior to the time the act took effect, should be and become detective sergeants, even though prior to the time the act took effect their detail as detective sergeants had been revoked. I think it quite clear, however, that the entire amendment was not unconstitutional. The Legislature clearly manifested an intention that patrolmen then acting as detective sergeants and those thereafter appointed as such should not be removed from that position without a hearing on charges. This was obviously the intention of the Legislature and such intention may be given effect even though part of the amendment be unconstitutional. The petitioner was acting under a detail as detective sergeant at the time the amendment took effect. It is perfectly competent for the Legislature in the interest of civil service to provide that persons employed in the public service, removable at pleasure, shall be continued so long as they perform their duties and shall be removable only after a hearing on charges preferred against them. This view is in accordance with the conclusions reached in *People ex rel. Lahey* v. *Partridge* (*supra*), but not with the reasons assigned therefor. After the act took effect, if any part of it was constitutional, there was no longer authority for detailing policemen as detective sergeants or permitting them to continue to serve as detective sergeants under former details. The petitioner, however, from the time the amendment took effect, without any formal appointment as detective sergeant under the amendment, discharged the duties of the position and was recognized and paid his salary as a detective sergeant down

to the time he made an application for his retirement. This, I think, was equivalent to a formal appointment under the amendment. I am of opinion that the petitioner is entitled to reinstatement as detective sergeant and to be retired from that position.

Order affirmed, with fifty dollars costs and disbursements.